UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRADLEY K., individually and on behalf of
M.K., a minor,

               Plaintiffs,

      v.

KAISER FOUNDATION HEALTH PLAN
OF WASHINGTON OPTIONS,

               Defendant.

CASE NO. 21-CV-00424-LK

ORDER REGARDING
STIPULATED DISMISSAL

This matter comes before the Court on the parties' Stipulation and Proposed Order of Dismissal. Dkt. No. 46. They indicate that "this matter has been settled" and "voluntarily dismissed with prejudice" under Federal Rule of Civil Procedure 41. *Id.* at 1. The Court recently cautioned the parties to "review the applicable law prior to filing a notice of dismissal, including the Federal Rules of Civil Procedure and Local Civil Rules regarding settlement of cases involving minors." *See* March 11, 2022 Docket Entry.

Federal Rule of Civil Procedure 17(c) provides, in relevant part, that a district court "must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or

incompetent person who is unrepresented in an action." The Ninth Circuit has broadly held that, "[i]n the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States,* 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem").

In this District, a court's review of settlements in suits involving claims of minor plaintiffs is guided by Local Civil Rule 17(c), which requires appointment of an independent guardian ad litem to "investigate the adequacy of the offered settlement and report thereon." The Court may also "dispense with the appointment of the guardian ad litem if a general guardian has been previously appointed for such minor or incompetent, or if the court affirmatively finds that the minor or incompetent is represented by independent counsel." LCR 17(c). Here, however, the parties have not identified a basis for the Court to dispense with the appointment of an independent guardian ad litem. *See May v. Safeway, Inc.*, No. 21-CV-00327-BJR, 2021 WL 5414223, at *2 (W.D. Wash. Nov. 19, 2021).

The Court therefore ORDERS the parties to, within 21 days, (1) petition the Court for appointment of an independent guardian ad litem to review their proposed settlement; or (2) file a brief no longer than eight pages in length explaining why their proposed settlement does not trigger the Court's special oversight as set forth in the applicable law or why the Court may otherwise dispense with the appointment of a guardian ad litem.

Dated this 7th day of June, 2022.

Lauren King
United States District Judge

ORDER REGARDING STIPULATED DISMISSAL - 3